NO. 07-01-00176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 19, 2001
_____

POLO CANALES, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433,843; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

Before QUINN, REAVIS, and JOHNSON, J.J.

Polo Canales, Jr. (appellant) appeals his conviction for aggravated sexual assault. Through two issues, he contends that the trial court erred in admitting 1) testimony of his invocation of his Fourth Amendment right to be free from an unreasonable search and seizure and 2) his confession. We overrule each contention and affirm the judgment.

### *Background*

On April 9, 2000, appellant was babysitting his nieces, A. D., nine years old, and

1

A. S., five years old. After A.S.'s parents picked her up from appellant's residence, she told her mother that appellant had made her do bad things. Mrs. Smith took A.S. to Highland Medical Center and contacted the police. Sgt. Wayne Casey of the Lubbock County Sheriff's Department informed appellant of the allegations against him and requested that he come to the sheriff's office to discuss the matter. After informing appellant of his *Miranda* rights, Sgt. Casey took a signed, sworn statement from appellant, in which appellant stated that he had touched A.S's vagina with his penis and placed his penis in A.S.'s mouth. So too did he indicate that this sexually excited him for he described how he would go to the bathroom when he began to climax[1]. Despite giving this statement, appellant refused to voluntarily submit to the sampling of his hair, blood, and saliva. Thereafter, he was indicted for and convicted of aggravated sexual assault.

### Issue Two – Voluntariness of Statement

We initially address issue two for our answer to it facilitates disposition of issue one. Furthermore, through issue two, appellant contends that his statement given the police was involuntary because it resulted from a promise of probation made by the interrogating officer. The trial court convened a hearing to determine the voluntariness of the statement. Therein, the interrogating officer denied making any promise to appellant. The latter disputed the officer's statement and asserted that such a promise was made. Ultimately, the trial court refused to suppress the statement, concluding that ". . . the officer did not promise the defendant anything."

At a suppression or similar hearing to determine the admissibility of a statement, the

---

[1]In his statement, appellant also described the sexual contact he engaged in with A.D.

2

trial court is the sole trier of fact and may choose to believe or disbelieve any or all evidence from a particular witness. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Furthermore, we must defer to the trial court's resolution of disputes regarding historical fact, especially when resolution of those disputes entails the evaluation of witness credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Finally, the trial court's decision will be upheld absent a clear showing of abused discretion. *Villarreal v. State*, 935 S.W.2d at 138; *Banda v. State*, 890 S.W.2d 42, 51 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1105, 115 S. Ct. 2253, 132 L. Ed.2d 260 (1995).

Here, appellant contended that his statement was involuntary since the interrogating officer allegedly promised him probation if he made the statement. The officer denied making such a promise. Thus, the trial court was placed in the position of exercising its power as the fact-finder and determining who to believe. Having decided to believe the officer and having concluded that no promise was made, the court acted within its scope of authority as a fact-finder. Thus, we cannot say that it abused its discretion in refusing to suppress the statement when it found the basis for suppressing same to be non-existent.

### Issue Two – Evidence of Appellant's Invocation of Constitutional Rights

Through his first issue, appellant contends that the trial court erred by admitting testimony regarding his refusal to submit to the sampling of his hair, tissue, and fluids. In admitting such testimony, the trial court allegedly committed constitutional error mandating reversal. We disagree.

Assuming *arguendo* that reference to appellant's refusal to submit to testing was

3

error, we must determine whether it was harmful. Furthermore, in assessing the potential harm (given the framework of appellant's allegation), we utilize the standard contained in Texas Rule of Appellate Procedure 44.2(a). The latter obligates us to reverse the judgment unless we conclude, beyond a reasonable doubt, that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). Next, since Rule 44.2(a) is simply a reiteration of the old Rule 81(b)( 2), *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), *cert. denied*, 526 U.S. 143, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999), precedent construing Rule 81 guides our hand in applying Rule 44.2(a). And, that precedent instructs us to analyze such things as the source and nature of the error, whether or to what extent it was emphasized by the State, its probable collateral implications, the weight a juror would probably place upon it, and the likelihood that declaring it harmless would encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W. 2d 568, 587-88 (Tex. Crim. App. 1989).

Here, the nature and source of the error involved a State's witness mentioning that appellant had refused to provide the aforementioned samples. Prior to the solicitation of that information, appellant objected. Yet, when the objection was made, the State had not asked whether appellant so refused. Rather, it merely asked whether appellant was requested to submit his hair, saliva, and blood to analysis. At that point, appellant voiced objection to his "refusal to make any statements or give any samples." The trial court overruled the objection and allowed the State to ask whether appellant "agree[d] to provide any hair, blood, or saliva for collection?" As can be seen, the supposedly inadmissible evidence was not tendered *sua sponte* by the State and via means avoiding thwarting

4

supervision by the trial court. Rather, it was admitted only after the trial court implicitly authorized it to ask the question. Having obtained the permission of the court to ask same, we cannot say that the State would repeat the act with impunity if we were to hold the purported error harmless. Nor can we say that the source of the alleged error was the State's alone for the trial court permitted it to proceed. So, the State was not acting with impunity when it solicited the information.

Additionally, the State did not emphasize the particular testimony. Nor can we say that it was of the ilk which would have influenced the jury's verdict and assessment of punishment. Indeed, before the jury were the appellant's statement graphically depicting the acts he did to the two female children and the testimony of his victims corroborating the substance of his confession. It is illogical to suggest that rational jurors would have been swayed to convict and mete out the punishment it did because of a passing comment regarding the refusal to give samples when appellant's own confession and the testimony of the victims overwhelming evinced his guilt.

Given the foregoing, we can safely say, beyond reasonable doubt, that the purported error did not contribute to appellant's conviction or the punishment levied. Thus, no basis for reversal exists.

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do Not Publish.